Hudson County Circuit Court.

WALTER C. BURGESS, ROBERT B. McCAIG AND JOSEPH KOCHANSKY, TRADING UNDER THE FIRM NAME OF THE HUDSON CONFECTION VENDING COMPANY, PLAINTIFFS, v. JOHN DREWEN, PROSECUTOR OF THE PLEAS OF HUDSON COUNTY, DEFENDANT.

For the plaintiffs, *Richard Doherty* and *William Gannon.*

For the defendant, *John Drewen* and *Harlan Besson.*

CLEARY, J. This matter comes before this court on motion to quash a writ of replevin directed against five hundred and thirty-one Mills O. K. Mint Vending slot machines now in the Goodman Warehouse in Jersey City, New Jersey, and seized as gambling devices by the prosecutor of the pleas of Hudson county.

The right to prosecute the writ is disputed for the following reasons:

1. Because the slot machines are in *custodia legis* for use as evidence in a criminal proceeding pending against the plaintiffs in the replevin suit.

2. Because the slot machines are gambling devices within the meaning of section 168, Criminal Procedure act, 2 *Comp. Stat., p.* 1875.

Depositions were taken before Supreme Court Commissioner William C. Asper, in support of the motion to quash. The testimony of Prosecutor Drewen developed the facts that the slot machines were seized in the course of a criminal prosecution against the plaintiffs who have been indicted by the Hudson county grand jury on a charge of conspiracy to unlawfully keep and distribute slot machines which may be used for gambling purposes in various stores and public places in Hudson county, and that these machines are evidence necessary in the course of this prosecution. By the testimony of Detective Joseph Avia and Lieutenant of County Detectives Peter Devine, it appears that the machines were slot machines which may be used for gambling purposes and that the mechanism was of such a character that they could be used not only for play for slugs but by removing a pin in the manufacture may be used for gambling with nickels. It also appears that a number of these machines were stored at a place known as number 844 Newark avenue, Jersey City, New Jersey, in connection with the other slot machines commonly used for gambling with money. The testimony further shows that Avia actually gambled for money in machine No. 755, when it was located in a lunch wagon at Secaucus, New Jersey. The prosecutor claims the right to seize the machines under section 65 A of the Crimes act (2 *Comp. Stat., p.* 1766), which provides as follows:

"Any person or corporation who shall have or keep in his or its place of business or other premises, any slot machine or device in the nature of a slot machine, which may be used for the purpose of playing for money or other valuable thing, shall be guilty of a misdemeanor."

The contention of the plaintiff is that the writ should not be quashed because of the seizure of the machines in question was without a warrant and without any lawful justification. He further says that such seizure was a violation of the constitutional guarantee that the people shall be secure in their persons, houses, papers, and effects, &c., and that the seizure in this case having been made before any complaint was made or warrant issued was therefore unlawful.

Of course, there can be no quarrel with this contention as an elementary proposition, if the facts in any given case can be brought within this classification. The difficulty with the present case is that we are dealing with articles that have been designated by the legislature as unlawful, and which the legislature has further said must not only be taken but also destroyed. The sworn testimony of the prosecutor, taken upon this rule is to the effect that the machines in question are being held by him as evidence to be used upon the trial of an indictment found by the grand jury against the owners, and are also to be held by him for the purpose of his making application to a court of competent jurisdiction for an order to destroy them, as required by the statute.

To allow this writ to stand here, would be tantamount to having this court pass upon the nature of the machines in question and thus usurp a jurisdiction which has been placed in the hands of the criminal courts.

Whether the machines in question are of such a nature as to come within the provision of the statute so as to permit their destruction is a question that properly belongs in the court having the jurisdiction over such matters. The record in this case shows that at least some of these machines had been used for gambling and that the others could be readily adjusted for like use. The contention of the prosecutor is that they were all of a like nature, and that the proper administration of the criminal law requires that he be permitted to keep them until such time as their character has been determined. To allow their removal from his posssession at this time could easily result in an unwarranted interference with the orderly process of the criminal courts, and might easily lead to a miscarriage of justice. While this court is not called upon to pass upon the question of the character of the machines, it is bound to recognize the fact, that the prosecutor's sworn testimony is to the effect that he has now set into operation the legal machinery which will determine that. To allow this writ to stand would be tantamount to having this court pass upon the question of their legality, and thus attempt to decide a question that is not within its jurisdiction.

The only question raised by the plaintiff is whether the owner's constitutional rights have been invaded, by the seizure, and whether such invasion gives this court the right to take jurisdiction by the writ of replevin. Under the constitution no man's property may be taken without due process of the law, but when he invokes that right, he must show that he is invoking it for the protection of something that is really property, and falls within the meaning of that term.

Until the question of the character of these machines has been determined there can be no question of the constitutional rights of the owners having been invaded, which would justify the allowing of the processes of this court to be used to regain the possession of them from the state.

The motion to quash the writ will be allowed.